**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JAMES WALTER CREEL, # 33420**                                              **PETITIONER**

**VERSUS**                                    **CIVIL ACTION NO. 2:17cv29-KS-JCG**

**JAQUALIN BANKS and EDDIE H. BOWEN**                              **RESPONDENTS**

### ORDER DENYING RECONSIDERATION AND CERTIFICATE OF APPEALABILITY

BEFORE THE COURT are pro se Petitioner James Walter Creel's motion [8] for reconsideration, Declaration [9] in support of the motion, and Application for Certificate of Appealability [14].  He is incarcerated with the Mississippi Department of Corrections.  On March 8, 2017, the Court transferred this case to the Fifth Circuit Court of Appeals for a determination of whether Creel should be allowed to proceed on this successive Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254.  On March 17, Creel filed a motion to reconsider this transfer.  On April 3, he moved for a Certificate of Appealability ("COA").  For the reasons set forth below, the motions are denied.

MOTION FOR RECONSIDERATION

First, the Court addresses the motion for reconsideration.  Creel claims that this Court erred in determining that he had a prior petition under § 2254, filed in *Creel v. Wilson*, civil action number 2:04cv80, in this Court.

Since Creel filed this motion within twenty-eight days of the Order of Transfer Pursuant to 28 U.S.C. § 1631 [6], the motion shall be treated as one under Rule 59(e).  Fed. R. Civ. P. 59(e); *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 288 (5th Cir. 1989).  A Rule 59(e) motion to alter a judgment should not be granted unless there is: (1) an intervening change

in controlling law; (2) new evidence that could not have been diligently discovered earlier; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003); *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567-68 (5th Cir. 2003). Motions for reconsideration are not to be used to relitigate old matters or to present evidence that could have been raised prior to entry of judgment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon Le Torneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

Creel claims the Court committed a clear error of fact in assessing one of the prior petitions against him. Specifically, he denies filing "a habeas corpus 28 U.S.C. § 2254 under any <u>Creel v. Wilson</u> On [sic] February 18, 2004." (Mot. to Recons. at 2). However, this was not the only prior § 2254 petition that the Court found Creel has filed. For instance, he does not deny filing the first one in *Creel v. Booker*, civil action number 2:98cv139-CWP, or that it was dismissed with prejudice on March 25, 1999. So, even if the Court were in error as Creel claims, he does not demonstrate that the Court erred in determining that the instant civil action constitutes a successive writ. The motion to reconsider is denied.

MOTION FOR CERTIFICATE OF APPEALABILITY

Next, Creel seeks a Certificate of Appealability to the Fifth Circuit. This Court's Order transferring the successive writ to the Fifth Circuit is an appealable, collateral order. *Bradford v. Tamez*, 660 F.3d 226, 229 (5th Cir. 2011). Nevertheless, "a transfer order under § 1631 is not a final order within the meaning of § 2253(c)(1)(B), and the appeal of such an order does not

2

require a COA." *United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015). Therefore, the motion for Certificate of Appealability is denied as unnecessary.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, pro se Petitioner James Walter Creel's motion [8] for reconsideration should be, and is hereby, **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that Petitioner's Application for Certificate of Appealability [14] is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the ___7th___ day of April, 2017.


___s/Keith Starrett_____
UNITED STATES DISTRICT JUDGE